**CYBERSPACE COMMUNICATIONS, INC., Arbornet, Marty Klein, AIDS Partnership of Michigan, Art on The Net, Mark Amerika of Alt–X, Web Del Sol, Glad Day Bookshop, Inc., Litline, and American Civil Liberties Union, Plaintiffs,**

v.

**John ENGLER, Governor of the State of Michigan, and Jennifer M. Granholm, Attorney General of the State of Michigan, Defendants.**

No. 99–CV–73150.

United States District Court,
E.D. Michigan,
Southern Division.

June 1, 2001.

828

Andrew A. Nickelhoff, Sachs, Waldman, Detroit, MI, Kary L. Moss, ACLU, Mi-

chael J. Steinberg, Marshall J. Widick, Detroit, MI, for plaintiffs.

Thomas R. Wheeker, Margaret A. Nelson, Michigan Department of Attorney General, Tort Defense Division, Lansing, MI, for defendants.

## *ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND PERMANENTLY ENJOINING DEFENDANTS FROM ENFORCING MICHIGAN'S 1999 PUBLIC ACT 33*

TARNOW, District Judge.

### I. Introduction [1]

On July 29, 1999, the Court issued a preliminary injunction prohibiting Governor Engler, Attorney General Granholm, and their officers, agents, servants, employees, and attorneys from enforcing Michigan's 1999 Public Act 33. The injunction was to remain in effect until further order of this Court.

The facts of this case, as contained in the stipulated records, affidavits, and witness testimony, are not in dispute. The defendants appealed this Court's decision to grant preliminary injunctive relief. The United States Court of Appeals for the Sixth Circuit affirmed the decision of this Court. The appellate court held that any final conclusions on the ultimate issues of a case were premature and inappropriate for decision at the preliminary injunction stage. *Cyberspace Communications v. Engler*, No. 99–2064, 238 F.3d 420 (6th Cir. Nov.15, 2000). Consequently, the Sixth Circuit, *per curiam*, remanded the cause for further proceedings, to afford the parties the opportunity to argue the merits of the plaintiffs' claims.

The Court conducted a status conference after remand. The parties were given sufficient time to submit supplemental briefs regarding the ultimate issues in the case. Plaintiffs filed a Motion for Summary Judgment. Defendants filed a Brief in Opposition to Plaintiffs' Motion for Summary Judgment. The Court, having been fully advised on the premises of the issues, HEREBY GRANTS Plaintiffs' Motion for Summary Judgment and PERMANENTLY ENJOINS enforcement of Michigan's 1999 Public Act 33.

### II. Background

The pertinent facts of this case were set forth in detail in this Court's July 29, 1999 Findings of Fact and Conclusions of Law Regarding Plaintiffs' Motion for Injunctive Relief, *Cyberspace Communications v. Engler*, 55 F.Supp.2d 737 (E.D.Mich.1999). The standing of the plaintiffs to bring this cause of action,[2] the nature and types of communication and information exchanged on the Internet, and the language of Michigan's 1999 Public Act 33 remain largely unchanged from March 9, 2000 to the present. Therefore, the Court adopts by reference the findings of fact, the stipulations of the parties, the description of the parties, and the conclusions of law recited in the Court's July 29, 1999 Order.

### III. Standard of Review

Summary judgment, "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving par-

---

**1.** Law Clerk Rita Foley provided quality research assistance.

**2.** On the date of this Order, however, the Court has been unsuccessful in its attempt to access the web site for Plaintiff Glad Day Bookshop of Boston, Massachusetts. A phone call to the bookshop reveals that the telephone number is currently not in service.

ty is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## IV. Analysis

The plaintiffs' brief notes that, in the time that has elapsed since the Court issued the preliminary injunction in this case, two other circuits have enjoined the enforcement of statutes that attempt to regulate Internet content. In *ACLU v. Reno* ("*Reno II*"), 217 F.3d 162 (3rd Cir. 2000), the Third Circuit affirmed the decision of the United States District Court for the Eastern District of Pennsylvania, which preliminarily enjoined the enforcement of the Child Online Protection Act ("COPA"), 47 U.S.C. § 231.

In *ACLU v. Johnson*, 194 F.3d 1149 (10th Cir.1999), the Tenth Circuit affirmed the decision of the United States District Court for the District of New Mexico, which preliminarily enjoined the enforcement of a New Mexico statute, N.M. Stat. Ann. § 30–37–3.2(A). Additionally, the United States District Court for the Western District of Virginia has likewise entered a preliminary injunction, prohibiting enforcement of a similar Virginia statute, Va.Code Ann. § 18.2–391. *PSINET, Inc. v. Chapman*, 108 F.Supp.2d 611 (W.D.Va. 2000).

The Court, in granting Plaintiffs' motion for a preliminary injunction, reviewed the standards and law applicable to injunctive relief. At that time, the Court found that there was a substantial likelihood that Plaintiffs would ultimately be successful in proving the merits of their claims. After consideration of the parties' supplemental briefs after remand, the Court hereby finds Plaintiffs' claims to be meritorious.

### A. *First Amendment Challenge*

■ The Court's July 29, 1999 Order noted that any content-based limitation on speech may be upheld only if the state demonstrates the restriction is both necessary to achieve a compelling state interest, and is narrowly tailored to achieve that feat. *Perry Education Association v. Perry Local Educators' Association*, 460 U.S. 37, 45, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983). The Court recognizes that the State has a compelling interest to protect minor children, including the interest of protecting children from exposure to obscene materials. However, Defendants have failed to demonstrate that 1999 Public Act 33 will further a compelling interest of the State of Michigan.

Plaintiffs offered the testimony, at a prior hearing, of an expert who testified that other, less-intrusive means to filter the reception of obscene materials exist. A parent may utilize filters or child-friendly software to accomplish similar restrictions. The Court previously took judicial notice that every computer is manufactured with an on/off switch, that parents may utilize, in the end, to control the information which comes into their home via the Internet.

Thus, despite the fact that protection of minors is a compelling state interest, the Court finds that 1999 Public Act 33 is neither narrowly tailored nor does it apply the least restrictive means available to achieve that goal. Consequently, the Court finds that Michigan's 1999 Public Act 33 violates the First Amendment of the United States Constitution.

### B. *Commerce Clause Challenge*

■ A state's power to regulate commerce may be limited by the right of Congress to regulate interstate commerce. U.S. Const. Art. I, § 8, cl. 3. Michigan's effort to regulate what information may be transmitted to Michigan's children, via the Internet, attempts to control Internet communications which might originate within

Michigan, in other states, or in other countries. The Commerce Clause precludes the application of state statutes to commerce that commences or occurs outside of a state's borders. *American Libraries Association v. Pataki,* 969 F.Supp. 160, 175 (S.D.N.Y.1997).

 "[A] statute that directly controls commerce occurring wholly outside the boundaries of a State exceeds the inherent limits of the enacting State's authority and is invalid regardless of whether the statute's extraterritorial reach was intended by the legislature." *Healy v. Beer Institute,* 491 U.S. 324, 336, 109 S.Ct. 2491, 105 L.Ed.2d 275 (1989). Thus, regardless of the legislature's intent to regulate solely within the State's own borders, the Act would, in effect, attempt to control communications occurring outside of the State of Michigan. Therefore, Michigan's 1999 Public Act 33 would violate the Dormant Commerce Clause of the United States Constitution, and may not be enforced.

### C. *Defendants' Request for Limitation of Relief*

Defendants argue that, if the Court does grant relief to Plaintiffs, the relief should be limited to the enforcement of those provisions of the Act which pertain to Internet dissemination of sexually explicit materials to children. However, "the general federal rule is that courts do not rewrite statutes to create constitutionality." *Eubanks v. Wilkinson,* 937 F.2d 1118, 1122 (6th Cir.1991). It is the role of the Michigan Legislature to craft Michigan statutes. The Court will refrain from dissecting the unconstitutional provisions of the Act merely to save any portions which may not violate the Constitution. Therefore, Defendants' request to limit relief in this case is denied.

### V. Conclusion

The Court finds that there are no genuine issues of material fact which would preclude judgment as a matter of law in this case. Michigan's 1999 Public Act 33 violates the First Amendment and the Dormant Commerce Clause of the United State Constitution. Consequently, Plaintiffs' Motion for Summary Judgment IS HEREBY GRANTED.

For the reasons stated herein, as well as the reasons previously stated in this Court's July 29, 1999 Order, the Court holds that the Michigan's 1999 Public Act 33 is unconstitutional. Therefore,

IT IS HEREBY ORDERED that Defendants Michigan Governor John Engler and Michigan Attorney General Jennifer Granholm, in their official capacities, and the State of Michigan ARE PERMANENTLY RESTRAINED AND ENJOINED from enforcing any provision of 1999 Public Act 33.

Judgment Shall Be Entered Accordingly.